**2013-1142, -1143, -1144**
(Interference Nos. 105,801, 105,802 and 105,803)

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

C. DOUGLASS THOMAS AND ALAN E. THOMAS,

*Appellants*,

*v.*

JACK D. PIPPIN,

*Appellee.*

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board.

---

**UNOPPOSED MOTION OF APPELLEE JACK D. PIPPIN TO CONSOLIDATE APPEALS FOR PURPOSES OF BRIEFING AND ARGUMENT**

January 22, 2013

# CERTIFICATE OF INTEREST

Counsel for Jack D. Pippin certifies the following:

1.      The full name of every party or amicus represented by me is:

Jack D. Pippin

2.      The name of the real party in interest represented by me is:

Intel Corporation

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Intel Corporation

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

Wilmer Cutler Pickering Hale and Dorr LLP:  William Lee; Mark C. Fleming; William G. McElwain; Carolyn J. Chachkin; Eric Fletcher

Rothwell, Figg, Ernst & Manbeck, P.C.; Bingham McCutchen LLP: R. Danny Huntington; William N. Hughet

Oblon, Spivak, McClelland, Maier, & Neustadt, LLP: Charles L. Gholz; W. Todd Baker; Michael R. Casey

Intel Corporation: David Simon


Dated:  January 22, 2013      /s/ Mark C. Fleming
                                Mark C. Fleming

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), Appellee Jack D. Pippin respectfully requests that the Court consolidate Appeal Nos. 13-1142, 13-1143, and 13-1144 for briefing and argument. These three cases involve similar legal and factual issues, rendering the cases appropriate for consolidated briefing and argument. For the parties to prepare, and the Court to receive, three separate sets of briefs and arguments in these closely related cases would be inefficient and unnecessary.

These appeals arise from interference proceedings involving, on the one hand, a single patent application by Appellee and, on the other hand, seven inter-related patents held by Appellants—all of which claim priority to a single patent application and contain nearly identical written descriptions and figures. Each of the three interferences involves the same count, defined as claim 34 of Appellee's application. The same Administrative Patent Judge was responsible for the three interferences, and they were handled similarly throughout the proceedings at the Patent Trial and Appeal Board. In each of the three interferences, Appellants filed similar motions to designate claims as not corresponding to the count, citing many of the same allegedly distinguishing features. Moreover, in each case, the Patent Trial and Appeal Board denied the motions on the ground that Appellants had

failed to show that the relevant claims were not obvious in view of the count and the same six prior art references.[1]

Consolidation of these cases comports with the purposes of the Federal Rules of Appellate Procedure and the Court's wide latitude in this area. *See* Fed. R. App. Proc. 3(b) advisory committee's note (1967) (stating that the rule 3(b)(2) was "added to encourage consolidation of appeals whenever feasible"); *see also United States v. Walsh*, 573 F.2d 1121, 1123 (9th Cir. 1978) (Kennedy, J.) ("Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice.").

Due to the common issues of fact and law, consolidation of these cases for purposes of briefing and oral argument would conserve resources for both the Court and the parties while simultaneously facilitating orderly presentation of the issues. *See Matter of Grand Jury Investigation*, 922 F.2d 1266, 1269 (6th Cir. 1991) ("We consolidated these appeals pursuant to Rule 3(b), Fed. R. App. P., as common issues of law and fact are presented.").

The undersigned contacted counsel for Appellants with respect to the substance of this motion. Counsel referred the undersigned directly to Appellant

---

[1]     In case 13-1142, only five of the six prior art references are discussed.

C. Douglass Thomas.  Mr. Thomas indicated that Appellants will not oppose this motion and thus will not file a response.

## CONCLUSION

For the foregoing reasons, these appeals should be consolidated for briefing and argument.

Respectfully submitted,

/s/ Mark C. Fleming
 Mark C. Fleming
 WILMER CUTLER PICKERING
 HALE AND DORR LLP
 60 State Street
 Boston, MA  02109
 (617) 526-6000

*Counsel for Appellee Jack D. Pippin*

Dated:  January 22, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2013, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.  I sent notice of such filing via electronic mail to the following:

C. Douglass Thomas (doug@ipventure.com)

Mark C. Fleming                                    /s/ Mark C. Fleming
Name of Counsel                                    Signature of Counsel


**Law Firm:**              Wilmer Cutler Pickering Hale and Dorr LLP
**Address:**               60 State Street
**City, State, ZIP:**      Boston, MA 02109
**Telephone Number:**      617-526-6000
**FAX Number:**            617-526-5000
**E-mail Address:**        mark.fleming@wilmerhale.com