**2013-1142, -1143, -1144**
(INTERFERENCE NOS. 105,801, 105,802, 105,803)

In The
# United States Court of Appeals
### For The Federal Circuit

## C. DOUGLASS THOMAS and ALAN E. THOMAS,

*Appellants*,

v.

## JACK D. PIPPIN,

*Appellee*.

**APPEALS FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD.**

---

**CORRECTED COMBINED PETITION FOR
PANEL REHEARING AND REHEARING *EN BANC***

---

C. Douglass Thomas
IPVENTURE, INC.
5150 El Camino Real, Suite A-22
Los Altos, California 94022
(650) 903-9200

*Counsel for Appellants*

**THE LEX GROUP**DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## **CERTIFICATE OF INTEREST**

Counsel for Appellants, C. Douglass Thomas & Alan E. Thomas, certifies the following:

1. The full name of every party or amicus represented by us is:

   C. Douglass Thomas
   Alan E. Thomas

2. The names of all real parties in interest (if the party named in the caption is not the real party in interest) represented by us are:

   IpVenture, Inc.

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by us are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by us in the trial court or agency or are expected to appear in this Court are:

   C. Douglass Thomas
   Neifeld IP Law, PC
   Rick Neifeld
   Robert Hahl
   IRELL & MANELLA LLP
   Richard M. Birnholz

i

# **TABLE OF CONTENTS**

                                                             **Page**

CERTIFICATE OF INTEREST ................................................................................i

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES .................................................................................... iii

RULE 35(b) STATEMENT ........................................................................................1

POINTS OF LAW OVERLOOKED OR
MISAPPREHENDED BY THE PANEL ................................................................... 1

ARGUMENT ..............................................................................................................2

        A.      Board Decisions Were Presumptively Unlawful ..................................2

        B.      Panel Judgment Offered No Justification .............................................4

        C.      Patents are Presumed Valid....................................................................4

        D.      Intel Offered No Supporting Authority .................................................6

        E.      Panel Overlooked the Fact that the Board Committed Errors of
                 Law By Presuming that Thomas' Patents Were Invalid .......................8

        F.      Unlawful Burden of Proof Prejudiced Thomas.....................................9

CONCLUSION .........................................................................................................10

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apotex USA, Inc. v. Merck & Co.*,
     254 F.3d 1031 (Fed. Cir. 2001) ............................................................5, 6, 7

*Bruning v. Hirose*,
     161 F.3d 681 (Fed. Cir. 1998) ..............................................................5, 6, 7

*Graham v. John Deere Co. of Kansas City*,
     383 U.S. 1 (1966) ............................................................................................8

*Microsoft Corp. v. i4i L.P.*,
     564 U.S. __, 131 S. Ct. 2238 (2011) ......................................................*passim*

*Thompson v. Thompson et al.*,
     13 Fed. Appx. 925, 2001 WL 333816 (C.A. Fed. 2001) ...............................5

## STATUTES

35 U.S.C. § 102(e) ........................................................................................7

35 U.S.C. § 102(g) ........................................................................................7

35 U.S.C. § 282 .....................................................................................*passim*

## RULES

Fed R. Civ. P. 35(b) .....................................................................................1

Fed R. Civ. P. 36 ......................................................................................1, 4

## REGULATIONS

37 C.F.R. § 41.207(a) ................................................................................3, 9

37 C.F.R. § 41.207(b) ................................................................................3, 9

## RULE 35(b) STATEMENT

Based on my professional judgment, I believe that the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedent(s) of this court: *Microsoft Corp. v. i4i L.P.*, 564 U.S. __, 131 S. Ct. 2238 (2011).

/s/ C. Douglass Thomas
Attorney of Record for Appellants

## POINTS OF LAW OVERLOOKED OR MISAPPREHENDED BY THE PANEL

In affirming the decision of the Patent and Trial Appeal Board (the "Board") which canceled all the claims of seven patents issued over more than a decade of prosecution, the Panel must have overlooked or misapprehended the presumption of validity under 35 U.S.C. § 282 when the Panel rendered judgment without opinion (in accordance with Rule 36). The Board improperly placed the burden on the patent holder to prove the validity of issued patents and thus failed to comply with the express requirements of § 282. This court should rehear the appeal, or rehear it en banc, to confirm that the presumption of validity must be afforded issued patents in an interference, and that the Board may not place on the patentee the burden of proving validity of his patents.

# ARGUMENT

The interferences at issue on this appeal are the result of an intensive effort by Intel (the real party in interest for Pippin) to challenge validity of seven issued Thomas patents concerning important thermal management technologies for computers. The Thomas patents, which issued at various times over a ten year period of patent prosecution spanning from 1998 to 2008, had been heavily-examined in light of extensive prior art, and most of the Thomas Patents were even examined and deemed patentable over Intel's Pippin reference. In finding in favor of Intel, the Board below committed various violations of law, including presuming that the Thomas' patents were invalid, as opposed to affording the patents the statutory presumption of validity expressly provided by 35 U.S.C. § 282. Further, in addressing Intel's validity challenges to the numerous Thomas patents and claims that issued over the course of about fifteen years of patent prosecution, the Board employed rules and procedures that conflict with § 282 and the Supreme Court's decision in *Microsoft Corp. v. i4i L.P.*, 564 U.S. __, 131 S. Ct. 2238 (2011). As a result, the Board conducted prejudicial proceedings that unfairly restricted Thomas' ability to defend the issued claims in the interferences.

### A.  Board Decisions Were Presumptively Unlawful

The Board granted Intel significant procedural presumptions that were unlawful. In particular, the Board required Thomas to prove patentability of his

own already patented claims. In the Board's decisions on Thomas' motion to dedesignate claims (which were wrongly decided), as a result of simply deciding that Intel was the "senior" party, the Board expressly stated that Thomas had the burden of proving validity. Specifically, the Board's decisions characterized the burden that it placed on Thomas, the patentee, as "establishing a negative" when it stated:

> Thomas as the moving party bears the burden of proof to establish entitlement to the relief requested. 37 C.F.R. § 41.121(b). A claim corresponds to a count if the subject matter of the count, treated as prior art to the claim, would have anticipated or rendered obvious the subject matter of the claim. 37 C.F.R. § 41.207(b)(2). Thus, unlike other situations, such as a civil action for patent infringement where the moving defendant asserts that the claimed subject matter is anticipated or obvious, **Thomas as the moving party bears the burden of establishing a negative**, i.e., that the subject matter of the claims is *not* anticipated or obvious in light of the count and any other applicable prior art.

(A 11, 37, 67; JA 11, 37, 67) (Interference No. 105,801, Paper 76, 9/19/2012, page 8) (emphasis added).

Consequently, relying on existing and improper Board rules,[1] the Board applied a presumption of *invalidity*. In other words, the Board unlawfully switched the burden of persuasion to Thomas – the patentee – to prove that his previously patented claims were valid.

---

[1]  37 C.F.R. §§ 41.207(a), 41.207(b).

3

**B.    Panel Judgment Offered No Justification**

On October 15, 2013, the Board summarily affirmed the decisions of the Board without opinion (Rule 36). Presumably, the Panel felt that "an opinion would have no precedential value." Thomas respectfully disagrees. Given that Board rules, as applied in these interference proceedings, are in clear violation of the patent laws enacted by Congress and inconsistent with the statements of the Supreme Court regarding presumption of validity, an opinion from the Panel would have a direct bearing on directing the Board on how to properly handle interference proceedings and comply with the directives of Congress and the Supreme Court.

**C.    Patents are Presumed Valid**

In *Microsoft Corp. v. i4i L.P.*, 564 U.S. __, 131 S. Ct. 2238 (2011), the Supreme Court recently highlighted the presumption of validity, stating:

> [T]he first paragraph of § 282 provides that "[a] patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." Thus, by its express terms, § 282 establishes a presumption of patent validity, and it provides that a challenger must overcome that presumption to prevail on an invalidity defense. But, while the statute explicitly specifies the burden of proof, it includes no express articulation of the standard of proof.

*Id.*, 564 U.S. at __, 131 S. Ct. at 2245.

The Court explained that as a result of the presumption the appropriate "burden of proof" (also known as the "burden of persuasion") serves to identify the party who must persuade the factfinder a factual conclusion in its favor. *Id.* at note 4.

There appears to be on-going confusion as to what the presumption of validity provided by § 282 actually means. Fundamentally, and without exception, the presumption of validity means that the challenger of patents must bear the burden of proof. Separate from the *burden of proof* is the *standard of proof* that the challenger must meet. The presumption of validity provided by § 282 does not specify the required standard of proof, but case law has attempted to provide guidance on the appropriate standard of proof. *E.g.*, *Microsoft Corp. v. i4i L.P.*, 564 U.S. at __, 131 S. Ct. at 2242 (clear and convincing standard for proving an invalidity defense); *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1037 n.1 (Fed. Cir. 2001) ("[g]enerally speaking, the presumption of validity does not apply to patents involved in interference proceedings."); *Bruning v. Hirose*, 161 F.3d 681, 684 (Fed. Cir. 1998) (presumption of validity is inapplicable, and a preponderance of the evidence standard applies, to a validity challenge in an interference involving a patent issued from an application that was co-pending with the interfering application); *Thompson v. Thompson et al.*, 13 Fed. Appx. 925, 2001 WL 333816 (C.A. Fed.) ("The party challenging the validity of a patent in an interference must prove facts showing invalidity by a preponderance

5

of the evidence." (citing *Bruning v. Hirose*, 161 F.3d 681, 686-87 (Fed. Cir. 1998))).

### D.    Intel Offered No Supporting Authority

Intel's appeal brief provided no case authority to support shifting the burden of proof to the patentee. (PBr. 50-55) The two cases that Intel referenced, *Bruning v. Hirose* and *Apotex*, do not support placing the burden of proof on a patentee. While these cases discuss "presumption of validity" in certain contexts, the cases do not address the burden of proof that should be applied in an interference proceeding involving a junior party's issued patents. Neither *Bruning v. Hirose* nor *Apotex* supports the shifting of the burden of proof to the patentee.

In *Bruning v. Hirose* this court held that "during an interference involving a patent issued from an application that was copending with the interfering application, the appropriate standard of proof for validity challenges is the preponderance of the evidence standard." *Id.* at 686. Hence, *Bruning* only concludes that a preponderance of evidence standard of proof, as opposed to the clear and convincing standard which is sometime called for by the presumption of validity, is to be used in a validity challenge if the involved patents being challenged were copending with the interfering application. In this appeal the issue concerns the burden of proof, not the standard of proof. Even if *Bruning* were relevant, the burden of proof was placed on the challenger of the patent, not

the patentee. As such, *Bruning v. Hirose* fails to support Intel's assertions that the Board's actions (which placed the burden of proof on Thomas, the patentee, to overcome a presumption of invalidity of its own patents) were proper and not unusual. *Apotex* did not concern an interference. Instead, *Apotex* concerned a defense under 35 U.S.C. § 102(g) presented in a district court litigation. *Apotex* is merely citing *Bruning v. Hirose* for the proposition that a preponderance of the evidence standard generally applies in an interference. *Apotex*, 254 F.3d at 1037 n.1. When *Bruning v. Hirose* states that "presumption of validity is inapplicable" it is referring to the standard of proof, not the burden of proof.

Additionally, Intel repeatedly made the misguided argument that because "priority" was not disputed between Pippin and Thomas, § 282 has no bearing. (PBr. 53) "Priority" is irrelevant to § 282. Furthermore, there were no "priority" issues presented by the interferences as Intel's Pippin application is prior art to Thomas' patents.[2] The only substantive issues involved in the underlying Board's decisions were validity challenges to Thomas' patents (i.e., whether Thomas' patented claims were patentably distinct from Intel's Pippin reference). Indeed, the

---

[2] Thomas conceded that he did not invent the *count*, and thus the count – which is from Intel's Pippin's application – was considered prior art under 35 U.S.C. § 102(g) to Thomas. Intel's Pippin application was already prior art under § 102(e) so any concession of priority to the count had zero impact.

Board specifically stated that its decisions were determined by performing an obviousness analysis,[3] which is not a priority analysis.

### E. Panel Overlooked the Fact that the Board Committed Errors of Law By Presuming that Thomas' Patents Were Invalid

As noted previously, the law is that patents are presumed valid and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Microsoft Corp. v. i4i L.P.*, 564 U.S. at __, 131 S. Ct. at 2243.  In the interference proceedings before the Board, Intel was permitted to challenge the validity of Thomas' patents with the benefit of Board rules which caused the Board to unlawfully switch the burden of proof to Thomas – the patentee.  In other words, Thomas was placed in a position of having to prove validity of its own already patented claims.

There is no debate that the Board placed the burden of proving validity on Thomas.  Indeed, in the Board's decisions on Thomas' motion to dedesignate claims, the Board stated: "Thomas as the moving party bears the burden of establishing a negative, i.e., that the subject matter of the claims is *not* anticipated or obvious in light of the count and any other applicable prior art."  *E.g.*,

---

[3]  In the Board's decisions on motions to dedesignate, the Board stated "[t]he proper analysis is one of obviousness per *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)." *E.g.*, Interference No. 105,801, paper 76, 9/19/2012, page 9.  (A 12, 37, 67; JA 12, 37, 67).

8

Interference No. 105,801, Paper 76, 9/19/2012, page 8. (A 11, 37, 67; JA 11, 37, 67).

While the Board placed the burden of proof on Thomas under Board rules,[4] § 282 of the Patent Law and Supreme Court have clearly indicated that the burden of proof is on the challenger and never on the patentee. Consequently, the Board rules must accede to higher authority, namely, Congress and the Supreme Court.

### F. Unlawful Burden of Proof Prejudiced Thomas

The Board's decision against Thomas on the motions to dedesignate Thomas' patented claims from corresponding to the count turned on the burden of proof. Rather than Intel proving up its asserted invalidity of all the Thomas claims, the Board's judgments were a direct result of the Board's decision to unlawfully place the burden of proving validity on Thomas. As a result, the entire proceedings before the Board were improper and tainted. Justice requires that this appeal be reconsidered and that the Board's judgments be reversed.

---

[4] USPTO rules grant a senior party a presumption in which the senior party is presumed to be the first inventor of the interfering subject matter (i.e., the count). 37 C.F.R. § 41.207(a). There is also a presumption of claim correspondence under 37 C.F.R. § 41.207(b), which states: "For the purposes of determining priority and derivation, all claims of a party corresponding to the count are presumed to stand or fall together. To challenge this presumption, a party must file a timely substantive motion to have a corresponding claim designated as not corresponding to the count."

## **CONCLUSION**

This appeal provides the panel or the court sitting en banc an opportunity to clarify the standards to be applied in interferences. The Board's imposition of the burden of proof on Thomas was legal error and should be reversed. The panel provided no reasoning in support of its judgment, and did not properly consider the unlawfulness of the Board switching of the burden of proof to Thomas, the patentee. Therefore, the Panel and/or an en banc panel should reconsider this appeal.

The petition for panel rehearing or rehearing en banc should be granted.

Dated: November 15, 2013                    Respectfully Submitted,

                                                                                                     By:
                                                                                                      /s/ C. Douglass Thomas
                                                                                                      C. Douglass Thomas
                                                                                                      Counsel for Appellants

C. Douglass Thomas
IPVENTURE, INC.
5150 El Camino Real
Los Altos, California  94022
(650) 903-9200
doug@ipventure.com

# **ADDENDUM**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**C. DOUGLASS THOMAS** AND **ALAN E. THOMAS**,
*Appellants,*

v.

**JACK D. PIPPIN**,
*Appellee.*

---

2013-1142, -1143, -1144

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Interference No. 105,801, 105, 802, 105, 803.

---

## JUDGMENT

---

C. DOUGLASS THOMAS, IpVenture, Inc., of Los Altos, California, argued for appellants.

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr, LLP, of Boston, Massachusetts, argued for appellee. With him on the brief were MARK C. FLEMING, DONALD R. STEINBERG and ERIC FLETCHER; and WILLIAM G. MCELWAIN and CAROLYN JACOBS CHACHKIN, of Washington, DC. Of counsel were R. DANNY HUNTINGTON and

WILLIAM N. HIGHET, Rothwell, Figg, Ernst & Manbeck, P.C., of Washington, DC.

———————

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

PER CURIAM (PROST, PLAGER, and TARANTO, *Circuit Judges*).

**AFFIRMED.  *See* Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT

| | |
|---|---|
| <u>October 15, 2013</u> | <u>    /s/ Daniel E. O'Toole</u> |
| Date | Daniel E. O'Toole |
| | Clerk |

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of November, 2013, I caused this Corrected Combined Petition for Panel Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

William F. Lee
Mark C. Fleming
Eric Fletcher
Donald R. Steinberg
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston Massachusetts 02109
(617) 526-6000

Carolyn Jacobs Chachkin
William G. McElwain
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6023

*Counsel for Appellee*

I further certify the required number of copies of the Corrected Combined Petition for Panel Rehearing and Rehearing *En Banc* will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ C. Douglass Thomas
*Counsel for Appellants*